J-S84010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KENNETH MILLER | |
| Appellant | No. 2650 EDA 2015 |

Appeal from the PCRA Order August 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0907901-1984

BEFORE:  OLSON, SOLANO and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 07, 2017**

Appellant, Kenneth Miller, appeals from the order entered on August 20, 2015, dismissing as untimely his fourth petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On August 26, 1984, Appellant shot and killed a man inside a bar in Philadelphia.  On October 29, 1986, a jury convicted Appellant of first-degree murder and possessing an instrument of crime.[1]  On September 22, 1987, the trial court sentenced him to life imprisonment for murder with an additional concurrent term of one to two years of incarceration for possessing an instrument of crime.  This Court affirmed Appellant's

_____

[1]  18 Pa.C.S.A. §§ 2502(a) and 907, respectively.

* Former Justice specially assigned to the Superior Court.

judgment of sentence on September 11, 1990. *See Commonwealth v. Miller*, 583 A.2d 833 (Pa. Super. 1990) (unpublished memorandum). Appellant did not appeal that decision.

Appellant filed his first PCRA petition on April 27, 1995. After a hearing, the PCRA court denied relief and, on August 28, 1997, we affirmed the dismissal of Appellant's first PCRA petition. *See Commonwealth v. Miller*, 704 A.2d 164 (Pa. Super. 1997) (unpublished memorandum). Our Supreme Court denied further review. *See Commonwealth v. Miller*, 725 A.2d 180 (Pa. 1998). The United States Supreme Court denied Appellant's subsequent petition for *certiorari*. *See Miller v. Pennsylvania*, 525 U.S. 985 (1998).

On November 8, 2006, Appellant filed his second PCRA petition. The PCRA court dismissed the petition as untimely and, on appeal, we affirmed that decision. *See Commonwealth v. Miller*, 976 A.2d 1210 (Pa. Super. 2009) (unpublished memorandum). Our Supreme Court denied further review. *See Commonwealth v. Miller*, 983 A.2d 727 (Pa. 2009).

On March 19, 2012, Appellant filed his third PCRA petition. The PCRA court dismissed the petition as untimely and, on November 5, 2014, we affirmed. *See Commonwealth v. Miller*, 113 A.3d 340 (Pa. Super. 2014) (unpublished memorandum). Appellant did not appeal that determination to the Pennsylvania Supreme Court. However, Appellant filed a *pro se* application for reargument before an *en banc* panel of this Court on

- 2 -

November 14, 2014. We denied relief by *per curiam* order on January 6, 2015.

Currently, Appellant filed his most recent PCRA petition, *pro se*, on February 26, 2015. After giving Appellant requisite notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the PCRA petition as untimely without conducting a hearing. This timely, counseled appeal followed.[2]

On appeal, Appellant raises the following issues for our review:

I.     Did Appellant plead his eligibility for PCRA relief and was he eligible for PCRA relief?

II.    Does Officer Pittman['s failure] to disclose seeing Appellant intoxicated and confiscating drugs from Appellant comprise[] a ***Brady***[3] violation?

---

[2]  Appellant filed a *pro se* notice of appeal on August 26, 2015. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On September 3, 2015, Margeaux Kelly Cigainero, Esquire entered her appearance to represent Appellant on appeal. Upon examination of the certified record, it is not apparent whether Attorney Cigainero was appointed or privately retained. The certified record does contain, however, an order entered by the PCRA court on December 2, 2015 that "orders Atty. Margeaux Kelly withdrawn as counsel [] and does not permit new counsel to be appointed." Order, 12/2/2015, at 1. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on January 28, 2016. Despite the order directing Attorney Cigainero to withdraw as counsel, she filed an appellate brief on Appellant's behalf. Appellant did not respond or filed a *pro se* brief with this Court. We accept the counseled brief for our review, but as explained in detail below, lack jurisdiction to reach the merits of Appellant's claims.

[3]  ***Brady v. Maryland***, 373 U.S. 83 (1963) (holding that the prosecution's suppression of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution).

III. Did [the PCRA court] mischaracterize the [timeliness] exception [advanced by Appellant] as "after-discovered facts" in [its] opinion, when the claim in the current PCRA petition was specifically limited to a government interference exception and a ***Brady*** violation?

IV. Should this Court remand for a hearing where Officer Pittman can testify about se[e]ing Appellant in a grossly intoxicated condition prior to the homicide?

Appellant's Brief at 8 (complete capitalization omitted).

On appeal, Appellant argues that he was voluntarily intoxicated at the scene of the crime and that he did not remember, until recently, an interaction wherein Officer Marvin Pittman allegedly confiscated marijuana from Appellant one hour prior to the murder and his arrest.[4] Currently, Appellant avers:

In the latter part of February 2012, [Darrell] Wallace, who was with [Appellant] at the time, informed [Appellant] that he was in the company of [Appellant] that evening and that [Appellant] had been stopped by Officer Pittman before the incident. [Wallace] also informed [Appellant] that Officer Pittman had confiscated drugs from [Appellant]. Officer

_____

[4] Some additional, background information is helpful. At trial, Officer Pittman testified about the encounter with Appellant, but did not testify about the alleged confiscation of drugs. Instead, Officer Pittman testified that he asked Appellant to leave the area outside of the bar where the murder occurred approximately one hour before the shooting. Later, Officer Pittman responded to emergency telephone calls regarding the shooting. He was able to identify Appellant from the previous encounter, which subsequently led to Appellant's arrest.

> Pittman did not disclose this in his testimony at trial.
> [Appellant] has no recollection of these events.

*Id.* at 10. Appellant claims that his private investigator spoke with Officer Pittman, on January 22, 2014, and that Officer Pittman purportedly agreed to testify about the confiscation of drugs prior to the murder. *Id.*; *see also* PCRA Petition, 2/26/2015, at 4a. Officer Pittman did not provide an affidavit confirming his agreement to testify on Appellant's behalf. Appellant's Brief at 10. Appellant maintains that "Officer Pittman did not testify to the entire interaction that he had with Appellant, which would have produced evidence that Appellant was highly intoxicated[,]" so that Appellant could have, in turn, presented a voluntary intoxication defense to reduce the verdict "from [f]irst[-]degree murder to third." *Id.* at 12-13. Thus, Appellant contends that the prosecution withheld this allegedly exculpatory evidence from him in violation of *Brady*. *Id.* at 12. Appellant therefore invokes the governmental interference exception to the PCRA's one-year, jurisdictional time bar. *Id.* at 11-12. Appellant claims Officer Pittman's statement, acknowledging the confiscation of drugs from Appellant in August 1984 was unknown to Appellant until February 21, 2014, when a prior PCRA petition was pending on appeal. *Id.* at 12. Appellant avers he presented his claim, in a new PCRA petition, within 60 days of the conclusion of the previous petition. *Id.* He asserts the PCRA court erred by analyzing his claim under the "after-discovered facts" exception, instead of the "governmental interference" exception, to the PCRA's jurisdictional requirement. *Id.* at 17-

23. Appellant contends "he should be granted a hearing where he can endeavor to prove his claims[.]" *Id.* at 24.

Our standard of review over the denial of a PCRA petition is well-settled:

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the judgment of sentence becomes final. For purposes of the PCRA, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

*Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–1284 (Pa. 2016). "The PCRA timeliness requirement [] is mandatory and jurisdictional in nature." *Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013). "The court cannot ignore a petition's untimeliness and reach the merits of the petition." *Id.*

Here, Appellant's judgment of sentence became final on October 10, 1990. *See* 42 Pa.C.S.A § 9545(b)(3); Pa.R.A.P. 1113(a). Appellant's current PCRA petition, filed on February 26, 2015, is patently untimely.

"The time for filing a PCRA petition can be extended only if the PCRA permits it to be extended, *i.e.*, by operation of one of the statutorily enumerated exceptions to the PCRA time-bar." *Mitchell*, 141 A.3d at 1284 (citation omitted). A petitioner must allege and prove one of three exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Further, there is a requirement that a petitioner file his claim "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Our Supreme Court "has made it clear that the 60–day rule requires a petitioner to plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence." **Commonwealth v. Stokes**, 959 A.2d 306, 309–310 (Pa. 2008) (citation omitted). "[W]ith respect to both [the governmental interference and newly discovered facts] exceptions, Appellant is required to show that he could not have filed his claim earlier." **Id.** "[W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for

seeking such review." ***Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000).

Initially, we note that the PCRA court determined that Appellant failed to file his current PCRA petition within 60 days of the date Appellant could have first presented his claim. **See** PCRA Opinion, 1/28/2016, at 3. The PCRA court determined that this Court decided Appellant's prior PCRA appeal on November 5, 2014, but Appellant did not file his current petition until February 26, 2015, or 54 days past the 60-day deadline under 42 Pa.C.S.A. § 9545(b)(2). ***Id.*** at 3-4.

We disagree with the PCRA court's analysis. Under Pa.R.A.P. 1701, after Appellant appealed the dismissal of this prior petition for collateral relief, the PCRA court no longer retained jurisdiction. **See** Pa.R.A.P. 1701. Following our denial of relief on November 5, 2014, Appellant filed a *pro se* application for reargument *en banc* before this Court on November 14, 2014. "The pendency of an application for reargument […] shall stay the remand of the record until the disposition thereof, and until after 30 days after the entry of a final order in the appellate court possessed of the record." Pa.R.A.P. 2572. The PCRA court regains jurisdiction upon remand. **See** Pa.R.A.P. 2591. Here, because Appellant applied for *en banc* reargument, appellate review of his PCRA petition did not conclude until this Court entered its order denying Appellant's application for relief. **See** ***Commonwealth v. Breakiron***, 781 A.2d 94, 99 (Pa. 2001) (review of appellant's PCRA petition "by the highest state court" concluded when the

- 8 -

Supreme Court decided his first PCRA appeal and reargument was denied and, thus, 60-day time period for asserting **Brady** claims, under governmental interference exception to PCRA's one-year filing restriction, began to run from that time). We denied reargument on Appellant's prior PCRA petition on January 6, 2015. Thus, Appellant had 60 days from January 6, 2015, or until March 7, 2015, to file a PCRA petition raising his current claims. Because the instant PCRA petition was filed on February 26, 2015, it was timely under Section 9545(b)(2).

In addition to rejecting Appellant's petition for non-conformity with Section 9545(b)(2), however, the PCRA court also concluded that Appellant failed to validly invoke PCRA timeliness exceptions for governmental interference and newly-discovered facts. The PCRA court determined that it was neither clear, nor did Appellant contend, that the Commonwealth had exclusive control over the information regarding the confiscation of drugs, and, therefore, Appellant had not proven governmental interference. **See** PCRA Opinion, 1/28/2016, at 4. The PCRA court further noted that Appellant did not exercise due diligence in bringing his claim because Appellant's intoxication and/or use of narcotics was already known to him. **Id.** Finally, the PCRA court recognized that, in Appellant's third PCRA petition filed on March 19, 2012 (the one filed prior to the PCRA petition currently at issue), Appellant attempted to introduce a purported eyewitness to testify that Appellant was intoxicated on the evening in question. **Id.** at 5. The PCRA court concluded that the issue of Appellant's alleged intoxication was known

to him and previously litigated. *Id.* Accordingly, the PCRA Court concluded that Appellant could not now introduce a new source of evidence for a claim that was already decided. *Id.*

Although Appellant filed his current PCRA petition within 60 days of the date he could have first presented it, we agree with the PCRA court that Appellant failed to exercise due diligence in bringing forth his claims. In fact, Appellant concedes that another purported witness informed him as early as February 2012 that he was intoxicated and that Officer Pittman confiscated drugs from him. Appellant's Brief at 10. This Court already determined that Appellant did not exercise due diligence in bringing forth that other witness to testify regarding his purported intoxication. *See Miller*, 113 A.3d 340, at *6. Hence, Appellant's newly-discovered facts timeliness exception was previously litigated. We see no reason to order a different result where Appellant invokes the governmental interference exception based upon the same common core of operative facts. Moreover, Appellant did not provide an affidavit from Officer Pittman in support of his PCRA petition and Appellant has not pled or proven that the Commonwealth withheld, let alone knew about, the currently alleged evidence to qualify as governmental interference under *Brady*. *See* Appellant's Brief at 19 ("**Assuming** Officer Pittman **would have** testified to the locating and destroying narcotics at the stop of [Appellant], **if** the Commonwealth discovered these facts, the ultimate question of the extent of Appellant's inebriation was for the jury[.]"). Appellant has not met his burden to plead

and prove an exception to the PCRA's jurisdictional timing requirement. 42 Pa.C.S.A. § 9545(b)(1).

Finally, the PCRA court may dismiss a PCRA petition without an evidentiary hearing if there are no genuine issues of material fact and the petitioner is not entitled to relief. **See Mitchell**, 141 A.3d at 1284. Here, Appellant's PCRA petition was untimely on its face and Appellant failed to validly invoke one of the PCRA's timeliness exceptions. Accordingly, we discern no error in the dismissal of Appellant's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/7/2017